THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CURTIS O. SMALLS,                 *
        Petitioner
                                            *
   v.                                 CIVIL ACTION NO. DKC-05-2997
                                            *
ARTHUR WALLENSTEIN,
        Respondent               *
                                         ******

## **MEMORANDUM**

Curtis O. Smalls, detained at the Montgomery County Correctional Facility in Boyds, Maryland, filed the above-captioned 28 U.S.C. § 2241 Petition for Habeas Corpus relief alleging that he is being held unlawfully in detention in Montgomery County. Paper No. 1.

Respondent has answered the Petition. Paper No. 4. Petitioner has replied. Paper No. 7.[1] Oral hearing is not warranted.

### Background

**Governor's Rendition Warrant**

According to the record, the Commonwealth of Virginia issued a Warrant of Reacquisition for Petitioner's arrest. On February 20, 2004, Maryland Governor Robert Ehrlich, Jr., executed and issued a Governor's Warrant of Rendition under the extradition laws of the State of Maryland commanding any peace officer in any jurisdiction of the State of Maryland to arrest and secure Petitioner and to deliver Petitioner into the custody of the authorized agent of the Governor of Virginia to be returned to Virginia to face trial on the charge of grand larceny by check. Paper No.

---

[1] Petitioner has also filed a Motion for Reconsideration (Paper No. 10), alleging that Respondent has submitted untimely responses in this case. The court does not find that Petitioner has been prejudiced by any tardy filings of Respondent and the "Motion for Reconsideration" shall be denied.

4, Ex. 1. The Governor's Warrant of Rendition was served on Petitioner in Montgomery County, Maryland on March 23, 2004. *Id.* Petitioner declined to waive extradition and on March 26, 2004, the Honorable Mary Beth McCormick, Judge, District Court of Maryland for Montgomery County ordered Petitioner committed to the custody of the Montgomery County Detention Center on the authority of the executed Governor's Warrant of Rendition pending a hearing on April 12, 2004. *Id.,* Ex. 2. He was committed by the District Court at that hearing. *Id.*, Ex. 3.

On April 12, 2004, Petitioner apparently filed a Petition for Writ of Habeas Corpus in the Circuit Court for Montgomery County seeking relief from the Governor's Warrant of Rendition. On April 30, 2004, the Honorable Michael Mason, Judge, Circuit Court for Montgomery County ordered Petitioner be held without bond pending a hearing on his Petition for Writ of Habeas Corpus. *Id.*, Ex. 4. After a May 21, 2004 hearing, the Petition was denied and Petitioner was again committed to the custody of Montgomery County. *Id.*, Ex. 5. Petitioner noted an appeal of the denial of his Petition for Writ of Habeas Corpus on June 21, 2004, to the Maryland Court of Special Appeals. This appeal remains pending.

**Frederick County Sentence**

While Petitioner was detained in Montgomery County, Montgomery County Deputy Sheriffs seemingly transported him to Frederick County, Maryland to appear before the District Court of Maryland for Frederick County in Criminal No. 003U00031279. Petitioner was sentenced in Frederick County on July 21, 2005, to a term of eighteen months incarceration. Paper No. 1, Attachment. The commitment order entered in the Frederick County case stated that Petitioner's term of incarceration was to be served in the Frederick County Detention Center. *Id.* Petitioner argues, therefore, that his continued incarceration in Montgomery County is improper. On August

18, 2005, Petitioner apparently filed a "Petition for Writ of Habeas Corpus and/or Transfer Custody in the alternative" in the Circuit Court for Montgomery County, Maryland challenging his continued incarceration in Montgomery County after he was sentenced to a period of 18 months incarceration in Frederick County. The Petition was denied on August 22, 2005. Paper No. 4. Petitioner did not note an appeal. *Id.*

## Analysis

**Frederick County Sentence**

Petitioner argues that his confinement in Montgomery County rather than Frederick County violates his constitutional rights in that he believes that he would be entitled to work release were he incarcerated in Frederick County.[2] He also argues that he is not receiving all of the diminution of confinement credits to which he is entitled. Paper Nos. 1 and 7. He seeks to be transferred to Frederick County. A prisoner has no justifiable expectation that he or she will be incarcerated in any particular prison within a state, or in any particular state. *See Sandin v. Conner*, 515 U.S. 472, 477-486 (1995). Moreover, this court is without authority to order Respondent to transfer Petitioner. Requests seeking to compel a certain action by the state and/or local governments are in the nature of a writ of mandamus. *See* 28 U.S.C. § 1361. Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over state and local government employees and cannot compel

---

[2]The commitment record reflects that the sentencing judge merely "recommended" work release. Paper No. 1, Attachment.

Respondent to transfer Petitioner to Frederick County. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969).

As to Petitioner's claims regarding his sentence and diminution credit calculation, these matters, are issues of state law and do not give rise to a federal question.[3] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970); *McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). A dispute over diminution credits or work release does not rise to this level. *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998).

Petition is receiving credit on his Frederick County sentence while being held in Montgomery County. Paper No. 13, Attachment. While awaiting the resolution of the Governor's Warrant of Extradition, he is serving a sentence of incarceration which commenced on July 21, 2005. It appears that his estimated "short time mandatory release date" is August 31, 2006. Paper No. 4. Petitioner is entitled to earn sentence diminution credits toward the service of his Frederick

---

[3]Likewise, prisoners do not have a constitutionally protected right to work release. *See Kitchen v. Upshaw*, 286 F. 3d 179 (4th Cir. 2002).

County sentence while he is incarcerated in Montgomery County pursuant to Md. Code Ann., Corr. Serv. Art § 11-502.[4]

Petitioner is not without a remedy in state court to address the issues he has raised. His claims regarding the diminution of confinement credits is available in the state courts pursuant to Maryland Rule 15-301 *et seq.,* provided that application of the credits to his current term of confinement would entitle him to immediate release. *See* Md. Rule 15-302(a)(1); *see also Maryland House of Correction v. Fields*, 113 Md. App. 136, 140, 686 A. 2d 1103, 1105 (1996) (habeas relief is appropriate where prisoner alleged that prison officials' actions were unauthorized he was unlawfully detained, and he was entitled to immediate release).

**Governor's Rendition Warrant**

Petitioner's Motion to Stay State Court Proceedings asks that this court stay his challenge to the Governor's Warrant of Rendition. Paper No. 8. Inasmuch as the court is denying his Petition in this court, the request is moot. If Petitioner is seeking, pursuant to 28 U.S.C. § 2241, to challenge the extradition proceedings, such request is subject to dismissal for failure to exhaust state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973). As the United States Court of Appeals for the Fourth Circuit stated in the context of a federal court challenge to interstate extradition proceedings before state remedies were exhausted: "[i]t seems to us just as delicate a matter to take one out of the custody of an officer of an asylum state before rendition as to take one out of the custody of an officer of a demanding state after he has been

---

[4]Petitioner has filed a "Motion for Injunction of Good Time Credits" (Paper No. 13) wherein he claims that he is not being awarded the good time credits he is entitled to. As stated supra, the computation of good time credits does not state a cognizable federal claim. Accordingly, the motion shall be denied.

returned there to await trial under an indictment." *Tickle v. Summers*, 270 F.2d 848, 851 (4th Cir. 1959).

There is no dispute that Petitioner's appeal of the denial of his Petition for Writ of Habeas Corpus remains pending in the Maryland Court of Special Appeals.[5]  This court therefore find that given the pendency of the appeal, issues concerning Petitioner's extradition and habeas corpus proceedings have not been finally resolved in the Maryland courts.  Accordingly, any § 2241 challenge to the legality of Petitioner's extradition and habeas corpus hearings, must be dismissed for non-exhaustion.

The Petition shall be denied.  A separate Order follows.


Date:    8/16/06                                       _____/s/_____
                                                       DEBORAH K. CHASANOW
                                                       United States District Judge

---

[5]The Clerk's Office for the Court of Special Appeals confirms that as of the within signature date, the matter remains pending in *Smalls v. State*, No. 894, September Term, 2004.